```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

                                   :
SHARON SAMPSON
                                   :

    v.                             :   Civil Action No. DKC 15-0243

                                   :
UNITED STATES OF AMERICA, et al.
                                   :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this personal injury case is a motion to dismiss or, in the alternative, for summary judgment filed by Defendant Verizon Enterprise Solutions LLC ("Defendant" or "Verizon ES") (ECF No. 8) and Plaintiff Sharon Sampson's ("Plaintiff") motion for leave to amend her complaint (ECF No. 15).  The issues have been fully briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, Defendant's motion for summary judgment will be granted, and Plaintiff's motion for leave to amend complaint will be denied.

**I. Background**

The following facts are alleged in Plaintiff's complaint. (ECF No. 1).  On March 4, 2012, Plaintiff was walking on a sidewalk in front of 5000 Ellin Road in Lanham, Maryland.  It is undisputed that the building at 5000 Ellin Road is owned by the United States of America ("United States").  (ECF Nos. 1 ¶ 6; 19

¶ 6).  Plaintiff contends that she tripped and fell "due to a defect in the sidewalk" resulting from the deterioration of "an uneven surface adjacent to a cover over a utility vault (the "vault").  (ECF No. 1 ¶ 7).  Plaintiff alleges that she suffered "various painful, serious and permanent injuries to her body, which necessitated medical care and attention at great expense, and also a loss of time and earnings from her gainful employment, and other damages."  (*Id.* ¶ 9).

In February 2014, Plaintiff filed a Claim for Damage, Injury or Death Standard Form 95 with the General Services Administration regarding the 2012 incident.  On January 28, 2015, Plaintiff commenced this action by filing a complaint against the United States pursuant to the Federal Tort Claims Act (Count I) and against Verizon ES under a negligence theory (Count II).  On May 21, 2015, Defendant Verizon ES moved to dismiss or, alternatively, for summary judgment.  (ECF No. 8).  Plaintiff filed an opposition and motion for leave to amend (ECF No. 15), and Defendant replied (ECF No. 20).

**II. Standard of Review**

Ordinarily, a court cannot consider matters outside the pleadings or resolve factual disputes when ruling on a Rule 12(b)(6) motion to dismiss.  *See Bosiger v. U.S. Airways,* 510 F.3d 442, 450 (4th Cir. 2007).  If the court does consider matters outside the pleadings, "the motion must be treated as

2

one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  Fed.R.Civ.P. 12(d); *see also Finley Lines Joint Protective Bd. Unit 200 v. Norfolk S. Corp.*, 109 F.3d 993, 997 (4th Cir. 1997) ("[A] Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating that it will not exclude from its consideration of the motion the supporting extraneous materials.").  It is appropriate to consider the extraneous materials submitted by Defendants, and Plaintiff had notice by virtue of the motion filed by Defendants.  *See Warner v. Quilo*, No. ELH-12-248, 2012 WL 3065358, at *2 (D.Md. July 26, 2012) ("When the movant expressly captions its motion 'in the alternative' as one for summary judgment, and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur[.]") (quoting *Laughlin v. Metro. Wash. Airports Auth.,* 149 F.3d 253, 261 (4th Cir. 1998)).  Accordingly, Defendants' motion will be treated as one for summary judgment.

Summary judgment is appropriate under Federal Rule of Civil Procedure Rule 56(a) when there is no genuine dispute as to any material fact, and the moving party is plainly entitled to judgment in its favor as a matter of law.  In *Anderson v.*

3

*Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986), the Supreme Court explained that, in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252.

In undertaking this inquiry, a court must view the facts and the reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)); *see also EEOC v. Navy Fed. Credit Union,* 424 F.3d 397, 405 (4th Cir. 2005). The mere existence of a "scintilla" of evidence in support of the nonmoving party's case is not sufficient to preclude an order granting summary judgment. *See Anderson,* 477 U.S. at 252.

A "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala,* 166 F.Supp.2d 373, 375 (D.Md. 2001) (citation omitted).

4

Indeed, this court has an affirmative obligation to prevent factually unsupported claims and defenses from going to trial. *See Drewitt v. Pratt,* 999 F.2d 774, 778-79 (4th Cir. 1993) (quoting *Felty v. Graves-Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir. 1987)).

**III. Analysis**

Defendant Verizon ES moves to dismiss or, in the alternative, for summary judgment arguing that Verizon ES cannot be sued because it no longer exists as an entity (ECF No. 8, at 7) and neither it nor the entity it merged into, Verizon Long Distance LLC ("Verizon LD"), owned the utility vault at issue (*Id.* at 8).[1] Because Defendant relies on materials outside the pleadings, the motion will be construed as one for summary judgment. Defendant submitted multiple affidavits swearing that neither Verizon ES nor Verizon LD owns or operates land or utility vaults at the address in question. (ECF Nos. 8-2, at 4; 8-3, at 2; 20-2, at 2).

Rather than respond to Defendant's assertions, Plaintiff requests leave to amend her complaint and proceed with discovery. (ECF No. 15). Plaintiff argues that she should be granted leave to amend to change the name of Defendant from Verizon ES to Verizon LD. Plaintiff also argues that she should

---

[1] Verizon ES merged into Verizon LD on November 15, 2014. (ECF No. 8-2, at 4). At the time Plaintiff commenced this action, Verizon ES did not exist as an entity.

5

be permitted to conduct discovery on Verizon LD (as the proposed new Defendant) "to determine what entity assumed the ownership, control, and maintenance responsibilities of the vault in [] question." (ECF No. 15, at 10). In addition, Plaintiff seeks to determine "whether that entity had any knowledge of Plaintiff's claims in this case prior to the expiration of the applicable statute of limitations so as to permit their being added as a party to suit." (*Id.*). Defendant counters that Plaintiff's amended complaint is barred by the statute of limitations and would be futile because Verizon LD does not own, operate, or control the vault in question.

There is no genuine dispute as to the fact that neither Verizon ES nor Verizon LD owned, operated, or controlled the vault at 5000 Ellin Street. Defendant submitted multiple sworn affidavits affirming that neither entity owned the vault at the time of the incident or at the time Plaintiff commenced this action. Plaintiff does not provide any facts alleging that Verizon ES or Verizon LD owns the vault beyond cursory allegations resulting in unsupported conclusions. (ECF No. 15-2). Plaintiffs mere speculation, based on a compilation of inferences, *see Shin*, 166 F.Supp.2d at 375, that Verizon ES was the owner of the vault is not enough to create a genuine dispute of fact.

6

In response to discovering that Defendant Verizon ES merged into Verizon LD, Plaintiff seeks leave to amend her complaint to reflect this change.  Federal Rule of Civil Procedure Rule 15(a)(1) permits a party to amend its pleading once as a matter of course within 21 days after serving it; or 21 days after service of a responsive pleading; or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2).  The court should deny leave to amend only when "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."  *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (citation and internal quotation marks omitted);  *Keller v. Prince George's Cnty.*, 923 F.2d 30, 33 (4th Cir. 1991) (upholding a district court order denying plaintiff leave to amend his complaint to include claims that were barred by the applicable statute of limitations because such amendment would be futile).

"An amendment is futile when the proposed amendment is clearly insufficient or frivolous on its face, or if the amended claim would still fail to survive a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)."  *El-Amin v. Blom*, No. CCB-11-3424,

2012 WL 2604213, at *11 (D.Md. July 5, 2012) (citations and internal quotation marks omitted).  Here, Plaintiff's request to amend her complaint and name Verizon LD as a defendant would be futile.  As noted above, Verizon LD did not own, operate, or control the vault at 5000 Ellin Street.  Plaintiff has offered no support to create a genuine issue about this fact.  Plaintiff's proposed amendment is clearly insufficient to cure her complaint's deficiency in not accurately naming the correct owner of the vault as the defendant.

To help cure the complaint's deficiency, Plaintiff requests permission to conduct discovery pursuant to Rule 56(d).  Rule 56(d) allows the court to deny summary judgment or delay ruling on the motion until discovery has occurred if the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed.R.Civ.P. 56(d).  Ordinarily, summary judgment is inappropriate if "the parties have not had an opportunity for reasonable discovery."  *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011).  Notably, requests under Rule 56(d) "cannot simply demand discovery for the sake of discovery."  *Hamilton v. Mayor & City Council of Balt.*, 807 F.Supp.2d 331, 342 (D.Md. 2011).  Courts interpreting Rule 56(d) have consistently held that a nonmovant's request may be denied if "the additional evidence sought for discovery would

8

not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." *Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 195 (4th Cir. 2006) (internal quotation marks omitted); *see Poindexter v. Mercedes-Benz Credit Corp*, No. 14-1858, 2015 WL 4081208, at *3 (4th Cir. July 7, 2015) (upholding district court's summary judgment ruling despite the plaintiff's Rule 56(d) request because she "has not explained . . . how the information [sought in discovery] could possibly create a genuine issue of material fact sufficient for her to survive summary judgment, or otherwise affect the court's analysis"). Put simply, Rule 56(d) does not authorize "fishing expedition[s]." *Morrow v. Farrell*, 187 F.Supp.2d 548, 551 (D.Md. 2002), *aff'd*, 50 F.App'x 179 (4th Cir. 2002).

Plaintiff's counsel contends that "Plaintiff is unable to present sufficient facts to respond to [Defendant's] Motion for Summary [Judgment] on the issue of the ownership, control and maintenance of the utility vault and cover plate in question at the time of the incident and at present." (ECF No. 15-2, at 2). Defendant argues that Plaintiff's request for discovery should be denied because the information Plaintiff requests would not create a genuine dispute as to the fact that neither Verizon ES nor Verizon LD owned the vault. (ECF No. 20-1, at 4-5). Defendant stresses that "Plaintiff should not be able to conduct

9

discovery against entities that clearly have no relationship to the allegations in the suit." (*Id.* at 5).

Here, the additional discovery sought by Plaintiff would not, by itself, create a genuine issue of material fact sufficient to defeat Defendant's summary judgment motion. Additional discovery will not change the fact that neither Verizon ES nor Verizon LD owns the vault. Plaintiff's request appears to be based on the belief that either Verizon ES or Verizon LD owned the vault at the time of Plaintiff's injury. However, Defendant's multiple affidavits clearly state that both Verizon ES and Verizon LD do "not currently and [have] never owned, operated, or maintained any utility vaults or other such underground telecommunication facilities at or near 5000 Ellin Street in Lanham, Maryland." (ECF No. 20-2 ¶¶ 5-6). Indeed, Plaintiff has failed to counter with any specified facts or allegations challenging this or demonstrating why discovery would show otherwise. *See, e.g.*, *Mercer v. Arc of Prince George's Cnty.*, 532 Fed.App'x 392, 400 (4th Cir. 2013) (upholding summary judgment for the defendant because the plaintiff's "minimal effort [to detail why discovery was necessary] is insufficient to compel denial of the [defendant's] summary judgment motion"); *Fierce v. Burwell*, No., 2015 WL 1505651, at *8 (D.Md. Mar. 31, 2015) (granting summary judgment for the defendant and noting with respect to the plaintiff's Rule 56(d)

request: "These are not specified reasons. Defendants have specified the facts, and provided extensive evidence in support of those facts, which they argue entitle them to summary judgment."). Plaintiff's Rule 56(d) affidavit does not state specified reasons, other than for lack of diligent investigation, why Plaintiff cannot present facts as to the ownership of the vault. Plaintiff waited nearly three years to file suit after the alleged incident and merely conducted a cursory investigation into the ownership of the vault. Accordingly, Plaintiff cannot use Rule 56(d) to carry out a fishing expedition and attempt to cure a deficient, inconclusive, and ultimately incorrect investigation into the ownership of the vault.

**IV. Conclusion**

For the foregoing reasons, Defendant Verizon ES' motion for summary judgment will be granted, and Plaintiff's motion for leave to amend complaint will be denied. Plaintiff's claim against the United States (Count I) remains. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge